## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**LARRY GREEN, Individually**
6951 China Grove Court
Alexandria, VA 22310

**and**

**GREEN TEAM REALTORS, LLC**                              **VERIFIED COMPLAINT**
6951 China Grove Court
Alexandria, VA 22310
      **Plaintiffs,**            **DEMAND FOR JURY TRIAL**

    **v.**

            **CASE NO. _____**
**and**

**DISTRICT SOUL FOOD**
**RESTAURANT & LOUNGE, LLC**
 Serve:  **David Rountree, Member**
    **500 8th Street, SE**
    **Washington, DC 20003**

**and**

**DAVID ROUNTREE, Individually**
504 S. Payne Street
Alexandria, VA 22314

**and**

**R&R HOLDINGS, LLC**
 Serve:  **David Rountree, Member**
    **500 8th Street, SE**
    **Washington, DC 20003**
**and**

**EDWARD REYNOLDS, Individually**
6495 New Hampshire Avenue
Suite LL26
Hyattsville, MD 20783
      **Defendants.**

## VERIFIED COMPLAINT

For its Verified Complaint against Defendants, Plaintiffs state and allege the following:

### NATURE OF ACTION

This action stems from certain real estate investments gone wrong. In or around March 7, 2018, Plaintiffs first entered into agreements with Defendant Rountree to invest Plaintiffs' clients' money into real estate investments with Defendants. However, instead of investing the funds as agreed, Defendant Rountree and Defendant Reynolds – through their company, R&R Holdings, LLC, fraudulently used the investment funds for their own purposes, including funding the renovation and development of their own restaurant, Defendant Soul Food Restaurant and Lounge, LLC. Although Plaintiffs have demanded the return of his clients' investment amounts, and Defendant Rountree has promised to return the funds, Defendants have failed to return any of the amount invested by Plaintiffs on behalf of his clients. Despite repeated requests and repeated promises, Defendants failed to provide a refund to Plaintiffs.

### PARTIES

1. Plaintiff Larry Green ("Plaintiff") is a real estate investor with his residence located in the State of Virginia.

2. Defendant David Rountree is a real estate investment consultant who does significant business in the District of Columbia.

3. Defendant Edward Reynolds is a construction company owner and business partner of Defendant Rountree with his residence in the State of Maryland. Defendant Reynolds does significant business in the District of Columbia.

4.    Defendant R&R Holdings, LLC is a limited liability company with its principal place of business located at 112 Ridge Road, Greenbelt, MD 20770.   Defendant R&R does significant business in the District of Columbia.

5.    Defendant District Soul Food Restaurant & Lounge, LLC ("Defendant Soul Food Restaurant") is a limited liability company that is registered in the District to Columbia with its principal place of business located at 500 8th Street, SE, Washington, DC 20003.

## JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 in that the amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

7.    This Court has personal jurisdiction over Defendants, who are registered in, do business in, are managed from, and/or have principals who reside in the District of Columbia.

8.    Venue is proper under 28 U.S.C. § 1391 (b) & (c), and § 1395.

## RELATIONSHIP BETWEEN DEFENDANTS

9.    Defendant Rountree is a real estate consultant in the District of Columbia.

10.    Defendant Rountree and Defendant Reynolds are friends from high school and business partners.

11.    On or about April 2018, Defendant Rountree and Defendant Reynolds, along with other members, formed Defendant Soul Food Restaurant and opened a restaurant and lounge in the District of Columbia.   Upon information and belief, Defendant Rountree and Defendant Reynolds used funds – owned by others and intended for real estate investing – to fund the renovation, development, and operations at Defendant Soul Food Restaurant.

12.     On or about October 9, 2014, Defendant Rountree and Defendant Reynolds formed R&R Holdings, LLC to conduct real estate transactions on behalf of themselves and other clients.

## RELEVANT FACTS

13.     In or around 2015, Plaintiff Green first met Defendant Rountree and soon thereafter, Defendant Rountree became Plaintiff Green's friend and mentor.

14.     Around the same time, Defendant Rountree introduced Plaintiff Green to Fathom Realty where Defendant Green became a licensed real estate agent in October 2015.

15.     Soon thereafter, Plaintiff Green and Defendant Rountree successfully worked on a real estate transaction together where they assisted a buyer in the purchase of a residential home.

16.     In 2016 and 2017, Defendant Rountree began referring clients to Plaintiff Green.

17.     In or around January 2018, Plaintiffs became reacquainted with one of his college professors, Judith Gebhardt, and her husband, Sergio Mendez, (the "Green Team Clients") who were interested in real estate investing.

18.     Around the same time, Plaintiff Green reached out to Defendant Rountree regarding investing client funds – particularly the Green Team Clients' funds – into any available real estate opportunities.

19.     Defendant Rountree made Plaintiffs aware that he knew of certain investments that would be a good fit for Plaintiffs' clients.

## AGREEMENT BETWEEN PLAINTIFFS AND DEFENDANTS

20.     In or around January 2018, Plaintiff Green, Defendant Rountree, individually, Defendant Reynolds, individually, and Defendant R&R Holdings agreed to work together on certain investments for the benefit of the Green Team Clients as well as for their benefit (the "Agreement").

4

21.    The Agreement made clear that Plaintiffs would find the investors (the Green Team Clients) as well as make funds available to Defendant Rountree for investing and Defendant Rountree would in turn invest those funds in any agreed upon investments.

22.    According to the Agreement, Defendant Reynolds would perform all construction work/ renovation on the investments for a sum certain.

23.    The Agreement also made clear that after the Green Team Clients received a return of their initial investments as well certain returns on their investments, Plaintiffs and Defendant Rountree would equally share the remainder of any profits realized from Investment #1, #2, and Investment #3.

### INVESTMENT #1

24.    Defendant Rountree informed Plaintiff Green of a property located at 520 Park Road, NW, Washington, DC 20010 ("Investment #1") that Defendant Rountree and Defendant Reynolds intended to purchase, renovate, and resell.

25.    Defendant Rountree made clear that Investment #1 would be an ideal investment for the Green Team Clients.

26.    On or about February 20, 2018, Plaintiff Green and Defendant Rountree had a meeting to put together an investment offering for Plaintiffs' clients.

27.    According to the proposal, the Green Team Clients would receive their original investment of Fifty Thousand Dollars plus an additional Fifteen Thousand Dollars ($15,000.00) once Investment #1 was renovated and sold.

28.    At the meeting, the parties agreed that Plaintiff Green and Defendant Rountree would pay the investors as required and then equally share all profits gained from Investment #1 and all other investments that included Plaintiffs' clients.

29.     While at the meeting, Plaintiff Green and Defendant Rountree agreed that Defendant Rountree, through R&R Holdings, would purchase Investment #1, renovate it, and the sell for a profit.  However, in or around March 2018, Defendant Rountree emailed documents to Plaintiffs regarding acquiring Investment #1 as a separate and unrelated limited liability company.

30.     As such, Plaintiff Green and Defendant Rountree agreed that Investment #1 would be acquired and renovated by a separate limited liability company, 520 Park Road, LLC.

31.     On or about February 24, 2018, Plaintiffs, Defendant Reynolds, Defendant Rountree, and Plaintiffs' client, Sergio Mendez, met at 520 Park Road NW, Washington DC where Defendant Rountree and Defendant Reynolds provided Plaintiffs and Mr. Mendez with a tour of the property.

32.     Defendant Reynolds explained how the renovation would be conducted. Following the meeting at 520 Park Road, Plaintiffs and Defendants walked to a nearby restaurant and discussed the strategy for Defendant Reynolds construction company to complete the renovation at Investment #1.

33.     Again the parties made clear that Defendant Reynolds would receive compensation for construction and Plaintiffs and Defendant Rountree would split the remaining profits after Plaintiff's clients were paid off.

34.     In March 2018, Plaintiff Green organized and registered Green Team Realtors, LLC (the "Green Team") in the Commonwealth of Virginia.

35.     On or about March 1, 2018, the Green Team Clients executed an investment agreement with Defendant Green Team.  A true and correct copy of the agreement for Investment #1 is attached hereto as *Exhibit A*.

36.     On or about March 6, 2018, Plaintiffs opened a Capital One bank account for Defendant Green Team with account number ending in 0571.

37.     This bank account was a joint checking account where Plaintiffs and Defendant Rountree had equal access to the funds deposited into the account as joint owners and co-signers on the account.

38.     On March 6, 2018, Plaintiffs received a cashier's check from the Green Team Clients made payable to Defendant Green Team in the amount of Fifty Thousand Dollars ($50,000.00) (the "First Payment") as payment for Investment #1.  A true and correct copy of the deposit is attached hereto as *Exhibit B*.

39.     On or about March 7, 2018, Plaintiffs deposited the First Payment into the Green Team bank account.

40.     On the same day, Defendant Rountree withdrew a total of Forty-nine Thousand Seven Hundred and Twenty Dollars ($49,720.00) supposedly for the acquisition, renovation, and sale of Investment #1.  A true and correct copy of the withdrawal agreement is attached hereto as *Exhibit C*.

41.     On or about March 9, 2018, Plaintiffs, Defendant Rountree, and the Green Team Clients met at Firebirds Woodfired Grill in Woodbridge, Virginia to celebrate the real estate investment opportunity.

42.     On or about April 10, 2018, Defendant Rountree provided Plaintiff Green and the Green Team Clients with a purported settlement statement showing that Investment #1 had been purchased by 520 Park Road LLC, which was the separate limited liability company formed by Defendant Rountree and registered in the District of Columbia.

**INVESTMENT #2**

43.    On or about April 15, 2018, Defendant Rountree contacted Plaintiff Green and informed him of another investment opportunity for his clients, the Green Team Clients.

44.    This opportunity was 2709 Alabama Avenue, SE, Washington, DC ("Investment #2"), which was a property that was purportedly personally owned by Defendant Rountree.

45.    On the same day, Plaintiffs and Defendant Rountree met in person to put together the investment proposal for the Green Team Clients, which was a buy and hold investment where the Green Team Clients would invest $25,000 in Investment #2 and their $25,000 investment would entitle them to 33% of the net operating income ("NOI") for commercial and residential rents received by the business interest, plus their initial investment returned to them.

46.    On April 15, 2018, Plaintiffs presented the Green Team Clients with Investment #2 to which they agreed to invest. A true and correct copy of Investment #2 is attached hereto as *Exhibit D*.

47.    On May 3, 2018, Plaintiff Green provided the Green Team Clients with wire instructions to wire their Twenty-five Thousand Dollar ($25,000.00) investment amount into Defendant Green Team's bank account.

48.    On May 15, 2018, the Green Team Clients mailed a cashier's check in the amount of $25,000.00 to Plaintiff Green as agreed to fund Investment #2. A true and correct copy of the check is attached hereto as *Exhibit E*.

49.    On May 16, 2018, Defendant Rountree withdrew Twenty-four Thousand Seven Hundred Dollars ($24,700.00) from Defendant Green Team's bank account purportedly for the acquisition and renovation of Investment #2. A true and correct copy of the withdrawal is attached hereto as *Exhibit F*.

8

50.     On November 16, 2018, David Rountree emailed Plaintiff Green a contract for the sale of Investment #2 with a closing date of December 21, 2018 at Logan Title.

51.     On February 27, 2019, Defendant Rountree forwarded to Plaintiff Green, via email, a preliminary HUD-1 statement for Investment #2 from the owner and operator of Millennium Title & Abstract closing company, Mark Shrader.

52.     The email indicated that the closing for Investment #2 would be conducted at Millennium Title & Abstract and not at Logan Title, as was previously indicated in Defendant Rountree's prior email.

### INVESTMENT #3

53.     On or about March 15, 2018, one of Plaintiffs' clients, Judith Gebhardt, contacted Plaintiffs and Defendant Rountree.

54.     Ms. Gebhardt informed them that she had found a property located at 701 Fontaine Street, Alexandria, VA 22302 ("Investment #3") in which the Green Team Clients wanted to invest.

55.     Investment #3 was a "fix-and-flip," which is an investment opportunity where a property is identified, purchased, renovated, and sold soon after being renovated.

56.     On May 23, 2018, Plaintiffs met with Defendant Rountree and put together an investment deal, which Plaintiffs emailed to the Green Team Clients on May 24, 2018.

57.     On or about May 23, 2018, Plaintiffs met Defendants Rountree and Reynolds at Investment # 3, 701 Fontaine Street, Alexandria VA.

58.     During this meeting, Defendant Rountree and Reynolds toured the property with Plaintiffs and discussed how Defendant Reynolds would do the renovations on Investment #3 and the compensation that he would receive for the work done.

59.     On June 14, 2018, Plaintiff Green sent the investment agreement to the Green Team Clients to invest $50,000 in Investment #3.

60.     As part of the agreement, Defendant R&R Holdings would purchase the Property and the Green Team Clients were to receive a return of their initial investment of $50,000 and in addition 50% of the total profit from Investment #3.  A true and correct copy of Investment #3 is attached hereto as *Exhibit G.*

61.     Defendant Reynolds would perform all construction / renovation work on Investment #3.

62.     On June 14, 2018, The Green Team Clients mailed Fifty Thousand Dollars ("$50,000.00") to Plaintiff Green.

63.     Instead of depositing the funds into Defendant Green Team's bank account, Plaintiff Green signed the Green Team Clients' check over to Defendant Rountree.  A true and correct copy of the check is attached hereto as *Exhibit H.*

64.     On or about May 31, 2018, Defendant Rountree and Defendant Reynolds, on behalf of Defendant R&R Holdings, purportedly contracted to purchase Investment #3.  A true and correct copy of the sales contract is attached hereto as *Exhibit I.*

65.     According to Defendant Rountree, the closing date for the purchase of Investment #3 was June 15, 2018.

66.     On June 1, 2018, David Rountree emailed proof of financing for Investment #3 from Blue Water Funding to Plaintiffs.

67.     From June 2018 to September 2018, Defendant Rountree made clear to Plaintiffs that there were issues regarding seller owed tax abatements and construction costs for Investment #3.

68.     On or about September 12, 2018, Defendant Rountree provided Plaintiffs with a copy of a cashier's check and wire transfer receipt purporting a transfer Six Hundred and Sixty-two Thousand Dollars ($662,000.00) to Millennium Title and Abstract, the closing company for Investment #3.

69.     On or about September 12, 2018, Plaintiff Green was informed by Peggy Urdahl, transaction coordinator for Millennium Title & Abstract that the wired funds were never received from David Rountree to close.

70.     On the same day, Plaintiff Green contacted Defendant Rountree regarding the missing wire.

71.     Defendant Rountree informed Plaintiff Green that the wire was not sent because there were still some issues with abatements that were discovered in title search that needed to be cleared prior to closing.

72.     Although Investment #3 should have wrapped up on or about October 14, 2018, no activity had been completed by Defendant Rountree to acquire, renovate, or resell Investment #3.

### PLAINTIFFS' UNCOVERING OF DEFENDANTS' SCHEME

73.     In late 2018, Defendants had not completed any of the investments in which Plaintiffs' clients had invested.

74.     Investment #1 should have been completed by in or around September 6, 2018.

75.     Investment #2 should have been renovated by in or about April 2019.

76.     Investment #3 should have been completed by in or about October 6, 2018.

77.     On February 22, 2019, the Green Team Clients called Plaintiff Green and informed him that the website, Zillow, showed that Investment #3 sold for Six Hundred Thousand Dollars ($600,000.00) on January 31, 2019.

78.     Plaintiff immediately investigated and learned that the acquisition of Investment #3 was NOT made by Defendant Rountree or Defendant R&R Holdings as indicated in the investment agreement.

79.     Instead, Investment #3 was purchased by someone who was affiliated with NONE of the Defendants.

80.     Upon further investigation, Plaintiffs learned that NONE of the statements or emails that Defendant Rountree had provided to Plaintiffs regarding the Green Team Clients three investments were true.

81.     On March 4, 2019, Plaintiffs called Logan Title and spoke with Angela Moore who informed Plaintiffs that Logan Title had no records of the property at 2709 Alabama Avenue SE Washington DC (Investment #1) and did not have Defendant Rountree, Defendant Reynolds, or Defendant R&R Holdings as a client in its system.

82.     Plaintiffs then requested proof from Defendant Rountree that he did indeed invest the Green Team Clients $25,000.00 into Investment #2.

83.     Despite numerous requests from Plaintiffs and the Green Team Clients, Defendant Rountree was neither able to provide evidence that Investment #2 had closed or the whereabouts of the Green Team Clients' $25,000.00.

84.     To date, there is no public record showing a closing for Investment #2.

85.     Upon information and belief, Defendant Reynolds and Defendant Rountree invested the money obtained from Plaintiffs for the Green Team Clients' investments into

Defendant Soul Food Restaurant to fund the renovation, development, and day to day operations of Defendant Soul Food Restaurant.

86.     In or around June 2018, Plaintiffs learned that Defendant Rountree and Defendant Reynolds were in the process of renovating and building Defendant Soul Food Restaurant.

87.     Both Defendant Rountree and Defendant Reynolds are owners and/or officers of Defendant Soul Food Restaurant.

88.     Defendant Soul Food Restaurant was being renovated and developed by Defendant Reynolds and Defendant Rountree around the same time as when Defendant Rountree and Defendant Reynolds were purportedly using company, Defendant R&R Holdings to find and fund real estate investment deals for Plaintiffs' clients.

89.     On or about March 5, 2019, Plaintiffs checked the Multiple Listing Service (the "MLS") to determine if there was ever a transaction for Investment #1 taking place on April 10, 2018 as indicated by Defendants.

90.     Plaintiffs learned that no such transaction took place and public records do not show that Investment #1 was ever owned by 520 Park Road LLC or any other entity controlled by Defendants.

91.     To the contrary, public records show a sale of Investment #1 on October 25, 2018 with a sale price of Four Hundred and Seventy-five Thousand Dollars ($475,000.00) to Masih Siavoshan & Faramarz R Rafiei, who upon information and belief is not affiliated with Defendants.

92.     Despite the fact that it is clear that Investment #1 was not owned by any entity affiliated with Defendants, Defendant Rountree emailed a fraudulent contract to Plaintiffs

showing an agreement between Defendant Rountree and an unknown person, Anthony Simpson, to purchase Investment #1 and settle at Logan Title.

## DEFENDANTS' PROMISES TO PAY

93.    On March 1, 2019, Plaintiffs confronted Defendant Rountree regarding Defendants' misrepresentations, fraud, and misappropriated funds.

94.    On March 2, 2019, Defendant Rountree sent an email to Plaintiffs apologizing for the delay in the return of the invested funds and promised a full return of the investment amounts. A true and correct copy of the email is attached hereto as *Exhibit J.*

95.    In the email, Defendant Rountree stated that he had cashed in mutual funds to ensure timely payment of the Green Team Clients investment amounts.

96.    On March 13, 2019, and again on March 21, 2019, Defendant Rountree texted Plaintiffs photos of a bank deposit in the amount of One Hundred and Seventy-five Dollars ($175,000.00) and pending balances for the purpose of repaying the investment amounts.

97.    On April 7, 2019, Defendant Rountree emailed Plaintiffs a screenshot from his Capital One account showing a One Hundred and Thirty-five Thousand Dollars ($135,000.00) pending balance.

98.    Defendant Rountree promised Plaintiffs that those funds were on the way and would be used to reimburse the Green Team Clients.

99.    Despite numerous requests from Plaintiffs, Defendants have provided no evidence of any investments nor have they provided the status of the investment amounts.

## COUNT I
### (Breach of Contract)
### (Defendant Rountree, Defendant Reynolds, and Defendant R&R Holdings)

100.    Plaintiffs restate the allegations of paragraphs 1 through 99 of its Complaint as though fully set forth herein.

101.    In or around January 2018, Plaintiff Green, Defendant Rountree, individually, Defendant Reynolds, individually, and Defendant R&R Holdings agreed to work together to invest funds for the benefit of the Green Team Clients as well as for their own benefit (the "Agreement").

102.    The Agreement between Plaintiffs and Defendant Rountree, individually, Defendant Reynolds, individually, and Defendant R&R Holdings is a valid, binding, and enforceable contract.

103.    Plaintiffs fully performed their obligations under the Agreement, including finding the investors and making the investment amounts available to Defendant Rountree.

104.    Defendant Rountree, individually, Defendant Reynolds, and Defendant R&R Holdings, however, failed to perform their obligations under the Agreement by failing to invest the investment funds as agreed, failing to construct/ renovate as necessary, failing to use the funds for Plaintiffs' and the Green Team Clients' benefit, and failing to refund the investment amounts when no proper investments were made.

105.    Defendant Rountree, individually, Defendant Reynolds, individually, and Defendant R&R Holdings further failed to perform their obligations under the Agreement by misappropriating the investment funds and/or commingling those funds with their own funds.

106.    Defendants' failures as stated above constitute a breach of the Agreement.

107.   As a direct and proximate result of Defendants' breach of the Agreement, Plaintiffs have been injured and continue to suffer further injury.

**WHEREFORE**, Plaintiffs request that this Court enter judgment in their favor and against Defendants in the amount of Five Hundred and Forty Seven thousand Six Hundred and Sixty Seven Dollars ($547,667.00) plus treble damages, a civil penalty, and/or such other amount that Plaintiffs prove at trial, together with interest, legal fees, costs, and disbursements of this action.

**COUNT II**
**In the Alternative**
**(Quantum Meruit)**
**(Defendant Rountree, Defendant Reynolds, and Defendant R&R Holdings)**

108.   Plaintiffs restate the allegations of paragraphs 1 through 107 of their Complaint as though fully set forth herein.

109.   Plaintiffs paid a sum certain to Defendants to invest in real estate for Plaintiffs' clients.

110.   Defendants accepted, used and enjoyed the funds paid by Plaintiffs.

111.   Defendants had reasonable notification that Plaintiffs expected a full refund of their funds as well as full payment of all return on investment should Defendants fail to uphold their obligations as outlined in the Agreement.

112.   Defendants failed to invest the investment amounts but have failed to refund the funds provided to them by Plaintiffs.

**WHEREFORE**, Plaintiffs request that this Court enter judgment in their favor and against Defendants in the amount of Five Hundred and Forty Seven thousand Six Hundred and Sixty Seven Dollars ($547,667.00) plus treble damages, a civil penalty, and/or such other amount

that Plaintiff proves at trial, together with interest, legal fees, costs, and disbursements of this action.

## COUNT III
### (Breach of Fiduciary Duties)
### (Defendant Rountree, Defendant Reynolds, and Defendant R&R Holdings)

113.    Plaintiffs restate the allegations of paragraphs 1 through 112 of their Complaint as though fully set forth herein.

114.    At all times relevant to this action, Defendants acted as Plaintiffs' real estate brokers, consultants, and/or agents and therefore had fiduciary duties towards Plaintiffs and/or Plaintiffs' clients.

115.    Defendants breached their fiduciary duties by self-dealing; commingling and/or misappropriating Plaintiffs' funds; neglecting the investment contracts; failing to act in Plaintiffs' best interest; misrepresenting and/or omitting material statements of fact regarding the state of the investment contracts and Defendants' financial condition; rendering bad business advice regarding investment opportunities; and/or misusing their superior position by using Plaintiffs' funds for their own purposes and failing to refund Plaintiffs' funds.

116.    Defendants failed to make Plaintiffs aware of all the circumstances surrounding the investment contracts.

117.    Defendants further failed to advise Plaintiffs of the status of their funds that Defendants withdrew from Plaintiffs' bank account.

118.    Finally, Defendants used the investment funds that was given for the benefit of Plaintiffs and/or Plaintiffs' clients for their own purposes.

119.    Defendants' actions are the proximate cause of Plaintiffs' damages.

120.    Plaintiffs have been, and continue to be damaged, by Defendants' actions.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in their favor and against Defendants in the amount of Five Hundred and Forty Seven thousand Six Hundred and Sixty Seven Dollars ($547,667.00) plus treble damages, a civil penalty, and/or such other amount that Plaintiffs proves at trial, together with interest, legal fees, costs, and disbursements of this action.  Plaintiffs further seek judgment for three times the amount of Defendants' profits or Plaintiffs' damages, whichever is greater, due to the nature of Defendants' conduct.

### COUNT IV
### (Unjust Enrichment)
### (All Defendants)

121.    Plaintiff restates the allegations of paragraphs 1 through 120 of their Complaint as though fully set forth herein.

122.    Plaintiffs paid One Hundred and Twenty-five Thousand Dollars ($125,000.00) to Defendants for investing in and purchasing real property for Plaintiffs' clients.

123.    Defendants failed to deliver any real property to Plaintiffs, failed to return to Plaintiffs the amounts invested by the Green Team Clients, failed to pay to Plaintiffs the Green Team Clients' return on investment, and failed to pay Plaintiffs the amount agreed in the Agreement.

124.    Instead, Defendants used the funds for their own benefit and account, including investing the funds into the renovation and development of Defendant Soul Food Restaurant.

125.    Plaintiffs' funds conferred a benefit with a value of $547,667.00 upon Defendants.

126.    Defendants appreciated and had full knowledge of the benefit that Plaintiffs conferred upon them as well as the value of such benefit.

127.    Defendants' acceptance and retention of the funds without making the investments as agreed makes it inequitable for Defendants to retain the benefits without refunding the total amount paid by Plaintiffs as well as the profits that Plaintiffs would have realized from the investments.

128.    Defendants are liable to Plaintiffs for unjust enrichment under District of Columbia law.

129.    Defendants' acts have caused Plaintiffs damages and unjustly enriched Defendants as alleged.

**WHEREFORE**, Plaintiffs request that this Court enter judgment in its favor and against Defendant in the amount of Five Hundred and Forty-seven Thousand Six Hundred and Sixty-seven Dollars ($547,667.00) plus treble damages, a civil penalty, and/or such other amount that Plaintiff proves at trial, together with interest, legal fees, costs, and disbursements of this action.

## COUNT VI
### (Intentional Misrepresentation - Fraud)
### (Defendant Rountree, Defendant Reynolds, and Defendant R&R Holdings)

130.    Plaintiffs restate the allegations of paragraphs 1 through 129 of their Complaint as though fully set forth herein.

131.    Defendants represented to Plaintiffs that they would use funds provided by Plaintiffs to invest, acquire, renovate, and/or hold certain real property.

132.    Defendants further represented to Plaintiffs that the investment funds would be used for real estate investments as agreed by the parties.

133.    After Plaintiffs confronted Defendants about the investment amounts that Defendants misappropriated, Defendants represented to Plaintiffs that they would get a full refund of the investment amounts as well as the appropriate returns on investment.

19

134.    Defendants further represented to Plaintiffs that there were funds available in Defendant Rountree's bank account to repay Plaintiffs so that Plaintiffs could repay their clients.

135.    Defendants knew that their representations were false and/or made them with reckless disregard for the truth.

136.    Defendants made the false representations to Plaintiffs for the purpose of defrauding Plaintiffs and the Green Team Clients.

137.    Plaintiffs reasonably relied on Defendants' misrepresentations to their detriment and to the detriment of the Green Team Clients.

138.    Plaintiffs suffered damages as a direct result of their reliance on Defendants' misrepresentations.

**WHEREFORE**, Plaintiffs requests that this Court enter judgment in their favor and against Defendants in the amount of Five Hundred and Forty Seven thousand Six Hundred and Sixty Seven Dollars ($547,667.00), plus treble damages, a civil penalty, and/or such other amount that Plaintiffs prove at trial, together with interest, legal fees, costs, and disbursements of this action. Plaintiffs further seek judgment for three times the amount of Defendants' profits or Plaintiffs' damages, whichever is greater, due to the nature of Defendants' conduct.

**COUNT VII**
**(Conversion – Wrongfully Withheld Funds)**
**(All Defendants)**

139.    Plaintiffs restate the allegations of paragraphs 1 through 138 of their Complaint as though fully set forth herein.

140.    Plaintiffs made One Hundred and Twenty-five Thousand Dollars ($125,00.00) available to Defendants for investment purposes as agreed in the Agreement.

141.   In return, Plaintiffs were to be paid a total of Five Hundred and Forty-seven Thousand Six Hundred and Sixty-seven Dollars ($547, 667.00).

142.   Plaintiffs owned and/or had the right to control Five Hundred and Forty-seven Thousand Six Hundred and Sixty-seven Dollars ($547, 667.00) that is being wrongfully withheld by Defendants.

143.   However, Defendants used Plaintiffs' funds for their own purposes, including renovating, developing, and operating Defendant Soul Food Restaurant.

144.   In wrongfully retaining such funds, Defendants intentionally and substantially interfered with Plaintiffs' property interest in the funds to be paid to them in a manner that amounted to depriving Plaintiffs of the use and/or possession of such property.

145.   Plaintiffs did not consent to such funds being retained for non-investment purposes and requested the return of the funds wrongfully retained by Defendants, but Defendants refused to return the funds to Plaintiffs.

**WHEREFORE**, Plaintiffs request that this Court enter judgment in their favor and against Defendants in the amount of Five Hundred and Forty-seven Thousand Six Hundred and Sixty-seven Dollars ($547, 667.00) plus a civil penalty, or such other amount that Plaintiffs proves at trial, together with interest, legal fees, costs, and disbursements of this action.

## DAMAGES AND INJUNCTIVE RELIEF

146.   Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

147.   By reason of Defendants' acts alleged herein, Plaintiffs have and will continue to suffer damages.

148.   Defendants have wrongly profited from and have been unjustly enriched by their conduct.

149.    Plaintiffs are entitled to damages under the common law of the District of Columbia and applicable District of Columbia statutes, including actual and compensatory damages, punitive damages, costs, and reasonable attorneys' fees.

150.    Defendants intend to continue to do the acts complained of herein unless restrained and enjoined.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray:

151.    That this Court award Plaintiffs their general, compensatory, special and punitive damages as allowed by law.

152.    That this Court award Plaintiffs triple the amount of Defendants' profits or Plaintiffs' damages, whichever is greater;

153.    That the costs of this action be awarded to Plaintiffs;

154.    That Plaintiffs be awarded their reasonable attorneys' fees due to the exceptional and willful nature of this case; and

155.    That this Court grant such other and further relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

Trial by jury is hereby demanded for all issues so triable.

## VERIFICATION

I, Larry Green, Jr., state that the facts contained in this Verified Complaint are true and correct to the best of my information and belief.

By: _____
Larry Green, Jr.

Dated:  September 13, 2019

Respectfully submitted,

The Law Offices of RA KERR, PLLC


_____/s/ Roxan A. Kerr_____
Roxan A. Kerr
DC Bar No. 490310
1301 K Street, NW
Suite 300W
Washington, D.C. 20005
Telephone: (202) 702 0121
Email: rkerr@rakerrlaw.com

*Counsel for Plaintiffs*